**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
IN RE                          :

CRYSTAL L. WILKERSON           : Civil Action No.:  15-cv-1199-GK

    Appellant/Debtor           :

                               :

CYNTHIA A. NIKLAS, ESQ.        :

    Appellee/Trustee           :
```

**APPELLEE'S AMENDED MOTION TO VACATE ORDER GRANTING LEAVE TO
APPEAL INTERLOCUTORY ORDER AND TO DISMISS SAID APPEAL**

Comes now Cynthia A. Niklas, Esquire, Appellee/Trustee of the above-captioned matter, and requests this court to vacate its Order entered July 27, 2015 granting leave to appeal this court's Interlocutory Order entered June 25, 2015 denying confirmation of appellant's/debtor's proposed plan filed February 19, 2015 and granting the appellant/debtor leave to file an amended plan consistent therewith, and to accordingly dismiss said appeal, and in support thereof, states as follows:

1. Interlocutory orders may be appealed only with leave of the District Court.  28 U.S.C. §158(a) and Bankruptcy Rule 8004.

2. Although an Opposition to the appellant's/debtor's Motion to Leave Appeal had been drafted, Appellee/Trustee was never afforded an opportunity to timely file said Opposition.  The filing of the Notice of Appeal divested the Bankruptcy Court of jurisdiction and although Rule 8004 requires a Appellee's/Trustee's Response in opposition or a Cross-Motion within 14 days after service of said appellant's/debtor's Motion with the District Court, there had been no docket created with a

U.S. District Court civil action number or judicial assignment during said 14-day notice period, despite repeated, daily and sometimes hourly review of the Bankruptcy Court's docket #14-00582. Unfortunately, the U.S. District Court's Clerk's Office issued a notification late in the afternoon of July 24, 2015 indicating a civil action number and assignment but this court's Order granting appellant's/debtor's Motion for Leave to Appeal was entered, as unopposed, the following business day, July 27, 2015. Based on appellant's/debtor's serious omission in her Motion for Leave to Appeal of a recent and critical Supreme Court decision (*In re Bullard* as more fully appears below) and her intentional distraction by raising an irrelevant non-issue regarding alleged "unlawfulness of conduct of a public official" in failing to follow advisory guidelines when in conflict with controlling statute and case law, the Appellee/Trustee requests an opportunity to be heard.

3. This court's said June 25, 2015 Memorandum Decision regarding calculation of disposable income for purposes of confirmation of the Chapter 13 plan is, in effect, an order denying confirmation of appellant's/debtor's proposed repayment plan, and is an interlocutory order and therefore not a final order that the appellant/debtor can immediately appeal as stated by the recent Supreme Court's decision, decided unanimously on May 4, 2015, *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686 (2015). As the Supreme Court explained, denial of confirmation is not an appealable order because it is not a final order and does not resolve the entire plan consideration process. The appellant/debtor may propose another plan and denial of the

ability to immediately appeal encourages parties to resolve their differences so that a confirmable plan can be proposed. By contrast, when a case is dismissed, the appellant/debtor is denied the benefit of bankruptcy protection and likewise denied the right to proceed to get a discharge. Therefore only a dismissal order is final and appealable.

4. In the underlying bankruptcy case, the only issue presented, as stated in appellant's/debtor's brief, and resolved by the bankruptcy court's Memorandum Decision was as follows: Whether the appellant/debtor may take the full housing expense deduction proscribed by the IRS's National Local Standards on the Means Test. 11 U.S.C. §707(b)(2)(A)(ii)(I) when her actual expenses is a lower amount.

5. Said Memorandum Decision resolved that sole issue, regarding the calculation of disposable monthly income in terms of home ownership and transportation ownership and deductions in excess of appellant's/debtor's actual expenses for those categories of expenses. The court reviewed the briefs submitted and relevant case law consisting primarily of the Supreme Court case, *Ransom v. FIA Card Services*, 562 U.S. 61 (2011) and post-*Ransom* decisions regarding the meaning of "applicable monthly expense amounts" under §707(b)(2)(A)(ii)(I), and followed the recently decided case, *In re Harris*, 522 B.R. 804 (Bankr. E.D.N.C. 12/24/14), which held that a debtor's vehicle ownership expense deduction is limited to the debtor's actual expense if that expense is less than the amount provided under the IRS standard. That decision was reached by correctly following a long line of cases standing for the proposition that when the Code and the

Official Bankruptcy Forms conflict, the Code controls because it ultimately is the statute not the form which is determinative. The *Harris* court further correctly noted that the Official Forms are not incorporated in the Bankruptcy Code and pursuant to Rule 9009 of Federal Rules of Bankruptcy Procedure, must be construed to be consistent with Bankruptcy Rules and The Code.

6. An appeal was likewise filed in said *Harris* case and on June 24, 2015, the U.S. District Court for the Eastern District of North Carolina (Eastern Division) dismissed said Appeal (Case #4:15-cv-00002-FL) "in light of the recent decision by the Supreme Court in the United States in *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686 (2015)."

7. The Appellee/Trustee objects to appellant's/debtor's attempt to mischaracterize the sole issue on appeal by adding an additional issue never raised and otherwise waived in the underlying bankruptcy case regarding the effect, if any, of current advisory guidelines issued by a separate entity, the U.S. Trustee, "Statement of the U.S. Trustee Program's position on legal issues arising under the chapter 13 disposable income test". Said guidelines are likewise not incorporated in the statute and have no force of law and are often inconsistent with and in conflict with the controlling Bankruptcy Code, Bankruptcy Rules and current case law.

8. The Appellee/Trustee accordingly objects to the addition of a non-issue never raised in the underlying bankruptcy case and therefore not part of the court record in appellant's/debtor's transparent attempt to circumvent the Supreme Court's clear mandate in its unanimous decision,

*Bullard v. Blue Hills Bank*, 135 S.Ct. 1686 (2015).

WHEREFORE, the Appellee/Trustee requests this court to vacate its Order entered July 27, 2015 granting leave to appeal this court's Interlocutory Order entered June 25, 2015 and to accordingly dismiss said appeal.

/s/Cynthia A. Niklas, Esq.
Cynthia A. Niklas #193367
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC  20016-4623

### CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015, a copy of the foregoing Appellee's/Trustee's Amended Motion was served on the appellant's/debtor's attorney electronically via the CM/ECF system and a copy was mailed, postage prepaid, to the remaining entities:

Crystal L. Wilkerson
1018 Galloway Street NE
Washington, DC  20011

Morgan Fisher
172 West Street
Annapolis, MD  21401

/s/Cynthia A. Niklas, Esq.
Cynthia A. Niklas
